# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Steven J. Cullinane,                        )
                          Movant,           )
vs.                                         ) No. 07-0882-CV-W-FJG
United States of America,                   ) Crim. No. 01-00074-01-CR-W-FJG
                          Respondent.       )

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1, filed November 20, 2007). The Court finds that it has jurisdiction over this matter.

Movant entered into plea negotiations with the government, and pled guilty on January 27, 2006. See Doc. #26 and #28 to Case No. 01-0074. Through the plea agreement, movant agreed that the minimum penalty the Court could impose was a sentence of not less than five years. Doc. #26, ¶ 5. Movant also waived his right to appeal or challenge, through post-conviction motions, his guilt or sentence. Doc. #26, ¶ 18. Although movant waived his right to appeal as a term of his plea agreement, movant appealed his sentence to the Eighth Circuit. The Eighth Circuit dismissed plaintiff's appeal due to this waiver on November 21, 2006. See Doc. #39 in Case No. 01-0074.

Movant asserts: (1) his attorney misinformed him of the consequences of his plea; (2) his attorney did not know that the maximum sentence allowed for the conspiracy charged in Count One was five years; and (3) his attorney failed to argue that his sentence could not be enhanced for flight to avoid prosecution.

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506

U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1) respondent's opposition (Doc. #3), and the record in the underlying criminal case, and finds that movant's allegations are without merit. In particular, movant has waived his post-conviction rights. Further, movant's substantive claims are without merit for the reasons stated in respondent's opposition (Doc. #3). This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed November 21, 2007, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

 /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   02/06/08
Kansas City, Missouri

2